MARY A. WARNER, as LANDLORD, RESPONDENT, v. MERCY
HENDERSON, as TENANT, APPELLANT.

*A judgment of a County Court affirming a final order or judgment of a justice of
the peace in summary proceedings is appealable to the General Term — Code of
Civil Procedure, sec. 2260 — when an appeal lies under section 1340 of the said
Code.*

APPEAL from a judgment of the Orleans County Court, affirming
a final order or determination made by a justice of the peace in sum-
mary proceedings to remove a tenant, commenced in October, 1879.

The court at General Term said : " The respondent's counsel
insists that the judgment is not appealable. Section 2260 of the
new Code, which is contained in the title relating to ' summary pro-
ceedings to recover the possession of real property,' provides that ' an
appeal may be taken from a final order made as prescribed in this
title, to the same court, within the same time, and in the same man-
ner as where an appeal is taken from a judgment rendered in the
court of which the judge or justice is the presiding officer, and with
like effect, except as otherwise prescribed," etc., this case not being
within the exception. It is contended that the section cited pro-
vides for a single appeal only, and does not contemplate a review
of the judgment of the appellate court, and in that respect follows
the act of 1849, which gave an appeal from the determination of a
justice of the peace in summary proceedings to the County Court,
and provided that the decision of the County Court on such appeal
should be final. (Laws 1849, chap. 193, § 5, sub. 2; *Deuel* v.
*Rust*, 24 Barb., 438.) The conclusive answer to that position is
that the words making the decision of the appellate court final are
omitted in section 2260. That the omission was intended to work
a change in the practice is apparent from the fact that the next
section of the Code speaks of an appeal to the Court of Appeals
from a final determination of the General Term of the Supreme
Court or of a superior city court. (Sec. 2261.) The General
Term has only an appellate jurisdiction in summary proceedings.

" It is also argued by the respondent that if section 2260 is to be
construed as allowing an appeal from the determination of a County
Court, where the same is allowed upon its determination in an

appeal from a justice's judgment, yet this matter is not appealable, the respondent's position being that the decision of a County Court whether a *judgment or order*, if made in an action *originating in a Justices' Court*, is not appealable to this court. That idea is suggested by the language of section 1340 of the Code, which gives an appeal to the Supreme Court from a final judgment rendered by a County Court, or by any other court of record *possessing general jurisdiction.* The words "possessing general jurisdiction" are simply descriptive of the courts of record, other than county courts, from whose judgments an appeal may be taken to the Supreme Court. They do not limit the right of appeal to judgments rendered by such courts in the exercise of their original jurisdiction. The case of *Fish* v. *Thrasher* (21 Hun, 15), and other like cases cited by the respondent's counsel, holding that an appeal will not lie to the General Term from an *order* made by a County Court in an action originating in a Justices' Court, proceeded upon the peculiar language of section 1342 of the Code which limited such right of appeal to an order made by such court in an action brought *in* that court. The section has since been amended by extending the right of appeal to orders made in actions brought in such court, or *taken by appeal to* such court. (Laws 1881, chap. 135.) We think the appeal will lie, and we proceed to consider the case on its merits."

*Keeler & Salisbury,* for the appellant.

*John Cunneen,* for the respondent.

Opinion by SMITH, P. J.; HARDIN and HAIGHT, JJ., concurred.

Judgment of County Court affirmed, with costs.